[No. 14208. Department Two. February 6, 1918.]

CASE THRESHING MACHINE COMPANY, *Respondent*, v. CHARLES F. SHROLL, *Appellant*, FLOYD W. SWARTZ, *Defendant*.[1]

CHATTEL MORTGAGES—FORECLOSURE—INSECURE DEBT—REASONABLE GROUNDS OF BELIEF. A chattel mortgagee of a threshing outfit had reasonable ground to believe the debt insecure and that he was in danger of losing the security, under Rem. Code, § 1112, where the mortgagor had no property subject to execution, had judgments against him and all his property covered by mortgage, had assigned part of the gross earnings, and in order to defeat creditors had proposed operating in the name of another, and that he was careless and incompetent and had damaged the separator.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered November 20, 1916, upon findings in favor of the plaintiff, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

*Zent & Powell*, for appellant.

*D. R. Glasgow* and *Don F. Kizer*, for respondent.

MORRIS, J.—Respondent commenced this action to foreclose a chattel mortgage upon a threshing outfit

[1]Reported in 170 Pac. 564.

prior to the maturity of the mortgage and the notes it secured, the proceeding being based on respondent's claim that it deemed itself insecure and elected to declare the whole sum represented by the notes and mortgage due and collectible. Foreclosure was decreed, and the appeal follows.

While other questions are presented and discussed in the brief as to the correctness of the judgment upon two other grounds advanced by the lower court in decreeing a foreclosure, we need only consider whether, as found by the lower court, a foreclosure could be maintained on the ground herein stated. Section 1111, Rem. Code, provides that, where the debt for which the mortgage is given is not due, but the mortgagee has reasonable cause to believe that the mortgaged property will be destroyed, lost, or removed, he shall have the right to an immediate action for the recovery of the debt, and the court may make any order to secure the property for the satisfaction of the debt. The following section (1112) gives to the mortgagee the right to the possession of the mortgaged property and to have the same sold in satisfaction of the debt prior to the maturity of the debt, if the mortgagee has reasonable ground to believe the debt is insecure and that, by permitting the property to remain longer in the possession of the mortgagor, he would be in danger of losing the debt or security. The mortgagee having availed itself of these privileges, it need only be considered, Was the evidence before the lower court sufficient to justify a decree of foreclosure, or, in the language of the statute, did the mortgagee have reasonable ground to believe the debt insecure and that, by permitting the separator and engine to remain longer in the possession of the mortgagor, it would be in danger of losing the debt or the security? Upon this question we have no more doubt than the lower court. The record jus-

tifies these findings: (1) That appellant was possessed of no property subject to execution; (2) that other creditors had failed to obtain satisfaction of their debts and had been compelled to transfer their claims into judgments; (3) that appellant assigned five per cent of the gross earnings of the threshing outfit to others; (4) that, in order to defeat his creditors, appellant had suggested operating the outfit in the name of another; (5) that all appellant's property is covered by mortgage; (6) that appellant was careless in handling machinery, and that some persons for whom he had threshed the previous year did not consider him a competent man and were unwilling to again employ him; (7) that the separator had been damaged through careless operation until it was doubtful whether or not it was worth the amount it secured. These reasons given by respondent, which the lower court must have sustained in finding that respondent had acted in good faith and had reasonable grounds to believe its debt and security unsafe, are sufficient to meet the requirements of the statute.

The judgment is affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and HOLCOMB, JJ., concur.