[No. 20648.    Department Two.    July 20, 1927.]

## S. ROSENTHAL, *Respondent*, v. HENRY MOSES, *Appellant*.[1]

[1] LANDLORD AND TENANT (118)—LIEN FOR RENT—RENTAL PERIOD.
A landlord has a lien for two months' rent already due for the
immediate past, and for two months' installments to grow due
in the immediate future, under Rem. Comp. Stat., § 1203-1, pro-
viding that any person to whom "rent may be due" shall have
a lien upon the personal property of the tenant, kept on the
premises, such lien to be for not more than "two months rent
due or to become due."

[2] SAME (119)—LIEN—FORECLOSURE—MATURITY.    Before a land-
lord can foreclose a lien, under Rem. Comp. Stat., § 1111, for
rent to fall due in the future, he must have "reasonable cause
to believe" that to delay would impair his security by the
probable loss of the property.

Appeal from a judgment of the superior court for
King county, McCroskey, J., entered June 12, 1926,
in favor of the plaintiff upon stipulated facts, in an
action to foreclose a landlord's lien, tried to the court.
Affirmed.

*Byers & Byers (D. V. Halverstadt* and *Jno. J.
O'Brien,* of counsel), for appellant.

*Carkeek, McDonald, Harris & Coryell,* for respond-
ent.

PARKER, J.—The plaintiff, Rosenthal, seeks fore-
closure of his claimed landlord's lien for rent of his
storeroom, upon certain goods and store fixtures kept
therein, as against his tenant, Phoenix Department
Store, a corporation, and the defendant, Moses, the de-
partment store's mortgagee of the goods and fixtures.
A trial in the superior court for King county resulted
in a decree awarding to Rosenthal relief as prayed for,

[1]Reported in 258 Pac. 7.

from which the defendant Moses has appealed to this court.

The controlling facts of this case are admitted by the pleadings and by stipulation filed in the case, and may be summarized as follows:  On October 8, 1923, the department store leased from Rosenthal his store building in Seattle, for the term of five years, at a rental of $125 per month, payable monthly in advance on the first day of each month, the lease contract being duly executed in writing.  The department store soon thereafter entered into possession of the building and maintained therein a store until the last of January, 1926.  On December 1, 1925, the department store mortgaged all its goods and store fixtures to Moses to secure its indebtedness to him amounting to $6,500. On January 16, 1926, Moses commenced proceedings looking to the foreclosure of his mortgage by notice and sale, and such proceedings were had that sale of all of the goods and fixtures in satisfaction of the mortgage was to be made by the sheriff on January 29, 1926.

On January 28, 1926, the goods and fixtures then remaining in the storeroom, this action was commenced by Rosenthal against the department store, Moses and the sheriff, seeking transfer of the mortgage foreclosure into the superior court, and seeking foreclosure against the goods and fixtures of Rosenthal's claimed landlord's lien for the rent installments falling due February 1st and March 1st, 1926.  Rosenthal alleged the contemplated loss of his landlord's lien for the rent, by the contemplated sale of all the goods and fixtures as a justification of his commencing this action before the maturity of those rent installments.  Upon the commencement of this action, in pursuance of stipulation of counsel for the respective parties and before the removal of the goods and fixtures, Rosenthal

waived his application to have the foreclosure of the mortgage transferred to the superior court, upon Moses depositing in court in this action $275, the amount of the rent installments falling due February 1st and March 1st and estimated costs, which might ultimately be determined as chargeable in Rosenthal's favor against the goods and fixtures as his lien right in that behalf; the deposit of $275 to take the place of the goods and fixtures as security for Rosenthal's claimed lien right, should such right be ultimately established in this action. The contemplated sale under the mortgage foreclosure was accordingly made by the sheriff, at which sale Moses became the purchaser. The decree ran against the money deposited in court by Moses in lieu of the goods and fixtures.

Landlord's liens for rent due and to become due, of the nature here drawn in question, are given and their enforcement provided for by §§ 1203-1, 1203-2, 1111 [P. C. §§ 9677, 9678, 9758], of Remington's Compiled Statutes, as follows:

"§ 1203-1. Any person to whom rent may be due, his executors, administrators, or assigns shall have a lien for such rent which is paramount to, and has preference over, all other liens except liens for taxes, general and special liens of labor and mortgages or conditional bills of sale duly recorded prior to tenancy upon personal property of the tenant which has been used or kept on the rented premises, . . . : Such liens shall not be for more than two months' rent due or to become due, nor for any rent or installment thereof which has been due for more than two months; that no writing or recording shall be necessary to create such lien; . . .

"§ 1203-2. Said lien may be enforced in the same manner as the foreclosure of a chattel mortgage in the superior court of the county in which the property or any portion thereof is situated.

"§ 1111. Where the debt is not due for which the mortgage is given, and the mortgagee has reasonable

cause to believe that the mortgage property will be destroyed, lost, or removed, he shall have the right to an immediate action in the superior court of the county having jurisdiction where the property is situated, for the recovery of his debt, and the court may make any order it may deem fit, in order to secure said property so as to make the same available for the satisfaction of said debt.''

[1] Contention is here made in behalf of appellant Moses that this action was prematurely commenced and that hence there can be no lien recovery awarded to Rosenthal in this action as prayed for by him. The argument is, in substance, that § 1203-1, above quoted from, does not mean that a landlord shall have a lien upon the property of his tenant kept on the rented premises, for any unmatured rent installments. This contention is rested upon the language in the beginning of the section that, ''Any person to whom rent may be due,'' shall have such lien. That language, standing alone, does suggest the meaning contended for by counsel for Moses; but we also find in that section this language: ''Such liens shall not be for more than two months' rent due or to become due.'' It seems to us that the fair meaning of this section, read as a whole, is that a landlord shall have a lien upon the property of his tenant kept on the premises, for two months' rent already due for the immediate past and for two months' rent which by the tenancy contract is to become due in the immediate future.

The chattel mortgage foreclosure section above quoted was the law at the time of the enactment of the landlord's lien law, and both have remained the law ever since that time. Hence, it is apparent that this chattel mortgage foreclosure provision is as applicable to the foreclosure of landlord's liens as if actually embodied in the landlord's lien statute. It seems plain to us that all that was necessary to entitle Rosenthal

to commence foreclosure of his claim of lien for rent prior to the actual maturity of the two unmatured installments for which foreclosure was sought, was that he have "reasonable cause to believe" that the property upon which he had such lien would presently be removed and dissipated so as to render his foreclosure right ineffectual. Clearly, we think he had reasonable cause to so believe under the circumstances here shown.

[2]    Counsel for Moses argue that we should not so construe these statutes unless plainly so compelled to construe them, because, as it is claimed, such construction puts it within the power of a landlord to arbitrarily and unreasonably vex his tenant by repeated actions of foreclosure, even through a long lease period. This argument, it seems to us; is not persuasive, in view of the fact that, before a landlord, like a mortgagee of chattels, can justify a commencement of a foreclosure action before maturity of the debt installments, he must have "reasonable cause to believe" that to delay foreclosure would impair his security by the probable loss in the meantime of the property constituting such security. The following of our decisions are of interest in this connection: *Fitch v. Goetjen,* 83 Wash. 355, 145 Pac. 447; *Case Threshing Machine Co. v. Shroll,* 100 Wash. 212, 170 Pac. 564; *Skookum Lumber Co. v. Sacajawea Lumber & Shingle Co.,* 107 Wash. 356, 181 Pac. 914, 187 Pac. 410; and *Hines v. Pacific Car Co.,* 110 Wash. 75, 188 Pac. 29.

We conclude that the decree must be affirmed. It is so ordered.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and FRENCH, JJ., concur.