The plaintiff trust company commenced this action in the superior court for King county, seeking foreclosure of a mortgage trust deed, executed and delivered to it by the defendants Agnes C. Beggs and her husband to secure payment of a series of *Page 436 
promissory notes executed and delivered to it by them. A trial upon the merits resulted in findings and decree awarding to the trust company foreclosure as prayed for, from which the defendant Agnes C. Beggs alone has appealed to this court.
The controlling facts are not in dispute. They plainly appear as follows: On May 21, 1924, appellant Agnes C. Beggs, with her husband, executed and delivered to respondent trust company a series of one hundred and twenty-five promissory notes, evidencing an aggregate indebtedness of $62,164. Notes Nos. 1 to 124, inclusive, were for the principal sum of $500 each, while note No. 125 was for the principal sum of $164. The principal of each of these notes was payable monthly in their numerical order; note No. 1 maturing December 1, 1924, and all the other notes maturing successively, in numerical order, on the first day of each succeeding month. Interest was payable semi-annually at the rate of seven per cent per annum. On the day of the execution of these notes, to secure their payment, appellant, with her husband, executed and delivered to respondent a mortgage trust deed upon lots 8 and 9, block 17, Union addition to Seattle, subject to a first mortgage of $120,000; lot 8, block 17, Mayfair addition to Seattle, subject to a mortgage of $2,500; and lots 5 and 6, block 6, of Hillman City. The mortgage trust deed contains default provisions reading as follows:
"If default shall be made in the payment of all, or any part, of any installment of the interest hereby secured to be paid, and should the same remain unpaid and in arrears for the space of thirty (30) days after same becomes due, and should any taxes or assessments upon the said mortgaged property, or other charges having priority over the lien of this mortgage, remain in arrears and unpaid for the period of thirty (30) days after same shall become due and payable, or should default be made in the payment of the principal *Page 437 
amount accruing on any of said notes secured by these presents, then, and in either of said events, the entire principal sum of the notes then outstanding and secured by these presents, together with all accrued interest shall, if the Trustee shall so elect, immediately become due and payable without notice."
The trial court found appellant and her husband to be in default, in so far as we need here notice facts constituting such default, as follows:
"That Notes numbered One (1) to Seventeen (17) inclusive have been paid. Note No. Eighteen (18) which became due May 1, 1926, in the principal amount of five hundred dollars ($500), has not been paid, and payment thereof has been refused. . . . That because of said default in the payment of said principal sum as the same became due, the plaintiff, in accordance with the terms and conditions of said Deed of Trust, and upon the request and instructions of the holders of a majority of said outstanding notes, has elected to and did declare the entire amount of said unpaid notes immediately due and payable."
This is the particular default relied upon by counsel for respondent as authorizing it to declare the whole of the unpaid indebtedness due and payable, giving it the right to foreclose. This action was commenced May 27, 1926, which, it will be noticed, was twenty-seven days after the maturity of the unpaid note No. 18 falling due May 1, 1926.
[1] The principal contention here made in behalf of appellant is that, by a fair construction of the above quoted default provisions of the mortgage trust deed, respondent could not, in any event, acquire the right to declare the whole of the indebtedness due and the right of foreclosure, until such default continued for a full period of thirty days. The argument is that such thirty-day grace period applies to default in payment of principal as well as to default in payment of interest and taxes. It seems plain to us that this is *Page 438 
an erroneous view of the meaning of the default provision relating to the payment of the principal of each note at maturity. That default provision is separated from the others by the disjunctive "or," and does not contain any thirty-day grace period as the others do. Counsel invoke the general rule that forfeitures are not favored in law, and that the courts will, if possible, construe a contract so as to avoid forfeiture of rights thereunder; arguing that this default provision is, in effect, a forfeiture provision, and should accordingly be strictly construed in favor of appellant. We do not think it is in any sense a forfeiture or penalty provision. In the text of 19 R.C.L. 493, we read:
"The proposition is accepted without dispute that a stipulation in a mortgage providing that the whole debt secured thereby shall become due and payable upon failure of the mortgagor to pay the interest annually or to comply with any other condition of the mortgage is a legal, valid, and enforceable stipulation, and is not in the nature of a penalty or forfeiture."
This view of accelerating provisions, such as are here in question, is well supported by the decisions. We conclude that it clearly appears that appellant and her husband were in default to the extent of giving to respondent the right to foreclose for the entire unpaid indebtedness.
[2] By the terms of the mortgage trust deed, appellant had the right to a release of the Mayfair lot "by paying to the trustee at any time during the life of this indenture the sum of $3,000;" and also to a release of the Hillman lots "by paying to the trustee $2,000 at any time during the life of this indenture;" the mortgage trust deed further providing in this connection:
"In the event parties of the first part shall make the payments set forth in the foregoing paragraph *Page 439 
for partial release of mortgaged property, or either of said payments, the Trustee will apply the moneys received for such release, or releases, to the payment in regular consecutive order of the next maturing notes secured by these presents."
It is contended in behalf of appellant that, since, in the payment of the principal of notes Nos. 1 to 17, appellant and her husband have paid upon the principal of the whole indebtedness $8,500, thus having paid on the principal of the whole indebtedness more than the aggregate of $3,000 and $2,000, they are entitled to have the Mayfair and Hillman properties exempt from foreclosure. The payment of this aggregate of $8,500 upon the principal indebtedness was manifestly only the aggregate of payments made from time to time as the principal of the first seventeen notes matured, and not payment of any of the principal in advance. It seems to us that the last above quoted provision of the mortgage trust deed renders it plain that, in order to acquire the right of release of the Mayfair and Hillman properties, it must appear that payments looking to that end were made in advance. So far as can be determined from the record before us, no such payments were made. Hence, we must assume that appellant and her husband have not placed themselves in such a position as to entitle them to a release of the Mayfair and Hillman properties. We are of the opinion, therefore, that the trial court did not err in including these properties in the foreclosure awarded by the decree.
We conclude that the decree of foreclosure must be in all things affirmed. It is so ordered.
TOLMAN, ASKREN, MITCHELL, and FRENCH, JJ., concur. *Page 440