[No. 21552.  Department Two.  May 23, 1929.]

GEORGE W. SAULSBERRY, *Respondent*, v. JAMES D. MILLAR, *Appellant*.[1]

*E. P. Whiting,* for appellant.

*W. D. Lambuth,* for respondent.

MITCHELL, C. J.—This is an appeal from a judgment on a promissory note and foreclosure of a real estate mortgage in an amount about equal to the purchase price of the land for which the note and mortgage were given on September 8, 1926. The action was commenced in June, 1927. The deal involved or contemplated the platting and sale of the eighty acres of land sold by Saulsberry to James D. Millar, out of which sales Millar was to pay Saulsberry. The note stated that it was secured by a mortgage, and it provided, among other things,

". . . that if default be made in the payment of this note or any part thereof, or any interest thereon,

[1]Reported in 277 Pac. 689.

or if failure be made to perform any of the covenants or agreements contained in said mortgage securing this note, then, at the option of the holder of the same, the principal sum, with accrued interest, shall at once become due and collectible, without notice, time being of the essence of this contract, . . .''

The mortgage provided, among other things, that the mortgagor should pay all taxes, assessments and other charges against the real estate prior to delinquency, and further, as follows:

''Any default in payment of interest, taxes, insurance premiums or other charges secured hereby, or in the performance of any covenants or agreement hereof, shall make the entire debt immediately due and payable and give immediate right of foreclosure at the election of the mortgagee, without notice. . . .

''It is further agreed that the mortgagor, at his own cost and expense, shall cause the above described premises to be surveyed and platted into suitable parcels by a competent and licensed surveyor of the state of Washington, said work to commence within ninety (90) days from date and be completed on or before the 1st day of May, 1927, and said mortgagor shall pay all claims for said work, and authorizes and empowers the mortgagor to dedicate all necessary streets, roads and alleys to the use of the public.

''Time is of the essence of this mortgage and is essential, and any violation of same on the part of mortgagor shall cause the entire sum to become due and collectible at option of mortgagee or assigns.''

The original complaint alleged that the defendant had defaulted and failed to comply with the terms of the mortgage, in that he had not surveyed and platted the property as required to do; and later the complaint was amended by alleging that the mortgagor had further defaulted in allowing taxes against the property to go delinquent, and also failed to pay road assessments against the property.

The defendant answered that he had substantially complied with his agreement to have the property surveyed and platted, and also alleged that, as to the delinquent taxes and road assessments, he had tendered and offered to pay them, and that the plaintiff had refused to accept such payment.

Upon the trial, the court found, in favor of the plaintiff, that the contract had been breached at the times and in the manners alleged, and also found that the defendant had not tendered or offered to pay taxes or assessments on the mortgaged premises, but had neglected and refused to pay them and permitted them to go delinquent, as alleged in the amended complaint.

The principal controversy on the appeal relates to the evidence upon the question of whether or not the provision with reference to the surveying and platting of the property was complied with. As already stated, the court found in favor of the respondent, plaintiff in the action, and we are satisfied upon an examination of the record that the finding is sustained by the clear preponderance of the evidence. Such being the case, the appellant cannot successfully urge that the suit was prematurely commenced, because that provision of the contract was a substantial one, and under the terms of the contract gave the respondent the option to declare the whole of the note and mortgage mature and payable. 41 C. J., p. 847, § 1026.

Other breaches of the contract were properly set out in the amended complaint, and, being clearly proven by a preponderance of the evidence, also entitled the holder of the note and mortgage to exercise his option to declare the principal sum, together with all interest and other charges, due and payable. The right to do so was provided for in the contract and is sustained by authority, *Johnson v. Irwin,* 16 Wash.

652, 48 Pac. 345, for which purpose the commencement of the action was sufficient notice. *Cook v. Strelau,* 127 Wash. 128, 219 Pac. 846.

We find no error in the record and the judgment is affirmed.

PARKER, MAIN, FRENCH, and MILLARD, JJ., concur.