[No. 22222. Department One. April 11, 1930.]

SUN REALTY COMPANY, *Respondent*, v. DORHMANN HOTEL SUPPLY COMPANY, *Appellant*.[1]

*James Kiefer,* for appellant.

*Livingston B. Stedman* and *Lewis L. Stedman,* for respondent.

PARKER, J.—This is an appeal by Dorhmann Hotel Supply Company from a judgment of the superior court for King county awarding to the Sun Realty Company foreclosure of its lien for rent against certain restaurant appliances as superior to the chattel mortgage lien of the supply company. The controversy arose upon the supply company's commencing

[1]Reported in 286 Pac. 842.

foreclosure of its chattel mortgage lien against the restaurant appliances by summary notice and sale and the assertion by the realty company of its lien against the restaurant appliances for rent due and to become due to it from the owner of the restaurant appliances as tenant of the realty company. Thereupon the controversy was removed to the superior court by agreement of all parties, including Colegrove's Pike Street Dairy Lunch, a corporation, the tenant of the premises and owner of the restaurant appliances. It has not appealed from the judgment.

The cause was presented to the superior court upon an agreed statements of facts which, in so far as need be here noticed, may be summarized as follows: In February, 1928, the realty company, as landlord, entered into a lease contract with the dairy lunch as tenant, leasing to it a certain portion of a building in Seattle for restaurant purposes, for a period of eight years, at a rental of $1,000 per month. Thereupon the dairy lunch entered into possession of the premises and established its restaurant business therein. In June, 1928, the dairy lunch, being indebted to the supply company, duly executed and delivered to the supply company a chattel mortgage upon its restaurant appliances, used and kept by it in the rented premises, to secure that indebtedness. On July 31, 1929, the supply company commenced foreclosure of its mortgage against the restaurant appliances by the summary process of notice and sale.

At that time there was due from the dairy lunch to the realty company and unpaid the $2,000 rent for the months of June and July, 1929. The realty company thereupon asserted its claim of lien against the restaurant appliances for that $2,000 rent due, and also for the $2,000 rent to become due for the months of August and September, 1929. The controversy was

then removed to the superior court as already noticed. Upon these facts the superior court rendered its judgment awarding personal recovery in favor of the realty company and against the dairy lunch in the sum of $4,000, the amount of the four months' rent; and further decreeing the restaurant appliances to be subject to the lien of the whole of that judgment superior to the mortgage lien of the supply company.

It is contended in behalf of the supply company that the judgment is erroneous in so far as it decreed the $4,000 judgment rendered in favor of the realty company and against the dairy lunch a lien upon the restaurant appliances superior to its chattel mortgage lien in excess of the sum of $2,000, the amount of the June and July rent due at the time this controversy arose. The argument proceeds upon the theory that our landlord's lien statute awards an enforceable rent lien of this nature only for two months' rent, though the lien may be for two months' rent due or two months' rent to become due. The controlling statutory language, in so far as need be here noticed, is found in § 1203-1, Rem. Comp. Stat., as follows:

"Any person to whom rent may be due, his executors, administrators, or assigns shall have a lien for such rent which is paramount to, and has preference over, all other liens except liens for taxes, general and special liens of labor and mortgages or conditional bills of sale duly recorded prior to tenancy upon personal property of the tenant which has been used or kept on the rented premises, . . . Such liens shall not be for more than two months' rent due or to become due, nor for any rent or installment thereof which has been due for more than two months; . . ."

This statute seems to us to plainly limit the enforceable rent lien of a landlord to the amount of two months' rent. The words "due or to become due," as used in this statute, we think, do not evidence a legisla-

tive intent that the word "or" therein, may be read as "and." Counsel for the realty company cite and rely upon our language in *Rosenthal v. Moses,* 144 Wash. 346, 258 Pac. 7, referring to this statute, as follows:

"It seems to us that the fair meaning of this section, read as a whole, is that a landlord shall have a lien upon the property of his tenant kept on the premises, for two months' rent already due for the immediate past and for two months' rent which by the tenancy contract is to become due in the immediate future."

That language is wholly dictum in the use of the word "and" instead of "or," and is unfortunately used in that respect. That language was used in argument in answering the contention there made that, under the circumstances of that case, the landlord's claim of lien could not be enforced for rent "to become due." There was no "rent due" in question in that case. We are of the opinion that we should not regard that language as controlling here. We conclude that the judgment must be reversed in so far as it decrees the $4,000 judgment in favor of the realty company a lien upon the restaurant appliances superior to the supply company's mortgage lien, for more than the $2,000 rent due for the months of June and July, 1929. It is so ordered, and the cause is remanded to the superior court to correct its judgment accordingly.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.