[No. 32556.   Department One.   November 27, 1953.]

PRISCILLA JACOBSON et al., *Appellants*, v. TOM G. MCCLANA-
HAN et al., *Respondents*.[1]

*Orvin H. Messegee* and *David C. Hunter*, for appellants.

*George R. Mosler, Charles H. Heighton*, and *Maslan,
Maslan & Hanan*, for respondents.

MALLERY, J.—On May 21, 1951, the defendants McClana-
han gave plaintiffs a promissory note for thirteen thousand
five hundred dollars, payable in monthly installments of
three hundred dollars on the twenty-first day of every
month thereafter until paid. The note was secured by a

chattel mortgage on the "Streamline Tavern" in the city of Seattle.

The note provided, *inter alia*:

"In case of default in the payment of any installment or any interest which may be due hereon, the aggregate amount of this note remaining unpaid and every installment thereof shall *without notice or demand* at once become due and collectible, at the option of the holder of this note." (Italics ours.)

The mortgage contained an acceleration clause similar to that quoted above, and further provided:

" . . . if the mortgagee deems itself insecure, thereupon the mortgagee may, without notice, declare the whole sum of both principal and interest due and payable, . . ."

The installment due June 21, 1951, was timely paid. The installment due July 21, 1951, was accepted by plaintiffs on August 13, 1951. In August, 1951, defendants McClanahan disposed of the tavern business to defendants Siegel. One Kaczor negotiated the transaction between plaintiffs and defendants McClanahan, and the transaction between defendants McClanahan and defendants Siegel. Kaczor procured the consent of plaintiffs to the transfer of the business and the assumption of the obligation of the McClanahans' note and mortgage by defendants Siegel. He made two copies of the instrument of assumption of the note and mortgage. On the copy given to plaintiffs, defendants Siegel were to pay the August, 1951, installment on August 21, 1951. The copy of the assumption agreement retained by Kaczor, upon which defendants Siegel relied in good faith, provided that the next payment on the note and mortgage would fall due on September 21, 1951. Kaczor was not the agent of plaintiffs, and had no authority to alter the Siegels' copy of the assumption-contract.

Defendants Siegel took possession of the business on or about August 14, 1951. The August installment was paid by defendants Siegel on September 17, 1951. The September installment was not paid on September 21, 1951, and, while still delinquent, plaintiffs gave notice, on October 5, 1951, of their election to accelerate maturity of the note and mort-

gage upon the grounds (1) that there was a default in payment under the terms of the note and mortgage, and (2) that they deemed themselves insecure. The notice stated that they would accept no further installments.

On October 23, 1951, defendants Siegel tendered the overdue September 21, 1951, installment, and attempted, on October 29, 1951, to pay all the installments in arrears, and thereafter tendered them in court.

Plaintiffs refused the installment tenders and commenced this action for a decree accelerating the note, and, in default of payment of the judgment, for the foreclosure of their mortgage.

The plaintiffs gave notice of their *election* to accelerate the payments provided for in the instruments. It was not a notice of their *intention* to do so after a period of grace during which the defendants could bring their installment payments up to date.

The trial court felt that plaintiffs, having accepted late payments of installments, should have given notice of their intention, rather than their election, to accelerate the payments, and accordingly entered judgment for defendants. The plaintiffs appeal.

■ Equity abhors forfeitures and penalties, but an acceleration of payments on a mortgage is not a forfeiture or a penalty. In *Seattle Title Trust Co. v. Beggs,* 146 Wash. 435, 263 Pac. 598, this court said:

"Counsel invoke the general rule that forfeitures are not favored in law, and that the courts will, if possible, construe a contract so as to avoid forfeiture of rights thereunder; arguing that this default provision is, in effect, a forfeiture provision, and should accordingly be strictly construed in favor of appellant. We do not think it is in any sense a forfeiture or penalty provision. In the text of 19 R. C. L. 493, we read:

" 'The proposition is accepted without dispute that a stipulation in a mortgage providing that the whole debt secured thereby shall become due and payable upon failure of the mortgagor to pay the interest annually or to comply with any other condition of the mortgage is a legal, valid, and enforceable stipulation, and is not in the nature of a penalty or forfeiture.'

"This view of accelerating provisions, such as are here in question, is well supported by the decisions."

See, also, *Graf v. Hope Bldg. Corp.*, 254 N. Y. 1, 171 N. E. 884, 70 A. L. R. 984; and Walsh on Mortgages, 292, § 71.

An election to require an acceleration of payments does not require a notice of intention to accelerate. *Cook v. Strelau*, 127 Wash. 128, 219 Pac. 846; *Saulsberry v. Millar*, 152 Wash. 290, 277 Pac. 689. Nor does the fact that a mortgage is not foreclosed on the first default in payment, prevent a foreclosure for a subsequent default, since such indulgence cannot affect a right not yet accrued. 53 A. L. R. 532; 148 A. L. R. 697; 14 C. J. S. 1012, § 360; 36 Am. Jur. 887, § 398.

The instruments in question provided that appellants had a right to acceleration (1) if they deemed themselves insecure, and (2) for default in the payments.

(1) The trial court found:

"That prior to plaintiffs' election to accelerate, they subjectively deemed themselves insecure; that they were in good faith in so believing, having heard adverse accounts of falling patronage and having investigated said accounts by looking into the tavern from the street on several occasions, and having checked with the brewery distributor and thereby having determined that there had been a sharp decline in Keggage; that plaintiffs' Exhibit 8 is a true record of the tavern's purchases of draft beer for the months indicated; that although plaintiffs, from their investigation, had probable cause to believe that they were insecure, they were not at anytime in fact insecure prior to their election to accelerate."

We hold that appellants must have reasonable cause to deem themselves insecure, but that they need not be insecure in fact. *Skookum Lbr. Co. v. Sacajawea Lbr. & Shingle Co.*, 107 Wash. 356, 181 Pac. 914, 187 Pac. 410; *Hines v. Pacific Car Co.*, 110 Wash. 75, 188 Pac. 29; *Rosenthal v. Moses*, 144 Wash. 346, 258 Pac. 7; 125 A. L. R. 318.

(2) The trial court found there had been a default in payment, but that it was due to a mistake of respondents Siegel in relying, in good faith, upon the unauthorized statement of Kaczor. No fault is imputable to the appellants in

the matter. In such a situation, the weight of authority with which this state now aligns itself, is that a mistake of the mortgagor will not excuse compliance with the terms of the mortgage. It is only when the default is attributable to the unconscionable or inequitable conduct of the mortgagee that he cannot avail himself of the benefits of the acceleration clause. *Graf v. Hope Bldg. Corp., supra,* 70 A. L. R. 993; *Glorsky v. Wexler,* 142 N. J. Eq. 55, 59 A. (2d) 233; *Comellas v. Varicon Corp.,* 81 N. Y. S. (2d) 449.

The judgment is reversed.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.

[1] Reported in 264 P. (2d) 246.