[No. 14467-4-III.   Division Three.   November 9, 1995.]
ELMER E. WALCKER, ET AL., *Appellants*, v. BENSON AND McLAUGHLIN, P.S., ET AL., *Respondents*.

---

*Samuel C. Rutherford* of *Foreman & Arch*, for appellants.

*Nicholas F. Corning* of *Treece, Richdale, Malone, Corning & Abbott*, for respondents.

THOMPSON, C.J. — Elmer and Stella Walcker appeal the superior court's order dismissing their action to quiet title. They contend that, because the statute of limitations has expired on enforcement of the underlying promissory note,

Benson and McLaughlin, P.S., should not be permitted to proceed with its nonjudicial foreclosure of a deed of trust. We agree.

On September 4, 1986, the Walckers executed a demand promissory note in favor of Benson and McLaughlin, apparently to settle an account for professional services.[1] The Walckers also executed a deed of trust to secure the note. The Walckers never made payment, and Benson and McLaughlin never took legal action to obtain judgment on the note.

Benson and McLaughlin initiated a nonjudicial foreclosure proceeding[2] on December 23, 1993, more than six years after the execution of the promissory note. The Walckers then filed this action to quiet title and restrain the trustee's sale, contending the foreclosure is barred by the statute of limitations. The superior court denied the Walckers' motion for summary judgment and dismissed their action. The court held that the security provided by a deed of trust continues indefinitely, and that, while the statute of limitations bars a judicial remedy on the underlying note, it does not extinguish the debt.

The sole issue in this appeal is whether the right of nonjudicial foreclosure of a deed of trust extends beyond the limitation period for enforcement of the underlying debt.

Where, as here, there are no disputed facts, the issue on summary judgment is a question of law, which the appellate court reviews de novo. *Rivett v. City of Tacoma*, 123 Wn.2d 573, 578, 870 P.2d 299 (1994).

■ A six-year limitation period applies to actions based on written agreements, including demand notes. RCW 4.16.040; *Chatos v. Levas*, 14 Wn.2d 317, 321, 128 P.2d 284

---

[1]The promissory note is not part of the record on appeal. However, the Walckers apparently conceded its existence.

[2]Benson and McLaughlin's notice of default described the debt as follows: "Demand/balloon payment due arising out of secured open account obligation/promissory note in the principal amount $25,000.00, plus interest of 12% per annum from September 4, 1986 of $21,887.67, for a total of $46,887.67."

(1942). The period begins to run at the time the note was executed. *Chatos*, 14 Wn.2d at 321. Here, Benson and McLaughlin initiated its nonjudicial foreclosure more than six years after the Walckers executed the note; the Walckers contend the six-year limitation period bars the foreclosure.

At common law, a mortgage existed separately from the obligation it secured; therefore, even when the statute of limitations had run on an underlying debt, a mortgagee still could foreclose on the mortgage. 1 Grant S. Nelson & Dale A. Whitman, *Real Estate Finance Law* § 6.11 at 523-24 (3d ed. 1993); *see Jordan v. Bergsma*, 63 Wn. App. 825, 829, 822 P.2d 319 (1992). This was in part because the equitable foreclosure action was not governed by the legal statute of limitations defense, Nelson & Whitman § 6.11 at 524, and in part because the expiration of the limitation period "bars merely the remedy on the debt, not the right." Nelson & Whitman § 6.11 at 525. At least for mortgages, the Washington Legislature has abandoned this common law rule in RCW 7.28.300, which provides:

> **Quieting title against outlawed mortgage.** The record owner of real estate may maintain an action to quiet title against the lien of a mortgage on the real estate where an action to foreclose such mortgage would be barred by the statute of limitations, and, upon proof sufficient to satisfy the court, may have judgment quieting title against such mortgage lien.

The question in this case is whether this statute, or the common law rule, applies to nonjudicial foreclosure of deeds of trust, when the limitation period has expired on the underlying debt.

> Although the distinction between a [deed of trust] and a regular mortgage is becoming increasingly less significant, it has not been totally destroyed. One of the most important persisting notions is that it, like other trusts, continues until the performance of the trust purpose, viz., the payment of the debt for which the trust was created. One result is that there is no time limit on it *except as specifically provided by statute.*

> Barring of the remedy on the debt has no effect upon the trustee's power to sell the property and pay the debt with the proceeds.

Nelson & Whitman § 6.11 at 527-28 (emphasis added) (footnotes omitted).

Here, the Walckers make essentially two arguments. First, they contend the deed of trust is merely a device to secure payment of the underlying debt; if collection of the debt is barred, they argue, the agreement securing it also must be unenforceable. This argument ignores the common law rule. In addition, a statute of limitation does not *invalidate* a claim, but rather "deprives a plaintiff of the opportunity to invoke the power of the courts in support of an otherwise valid claim." *Stenberg v. Pacific Power & Light Co.*, 104 Wn.2d 710, 714, 709 P.2d 793 (1985). Here, Benson and McLaughlin has invoked a nonjudicial proceeding to enforce its deed of trust, and the statute of limitations does not directly apply, because the court's power is not being invoked. *See Jordan*, 63 Wn. App. at 829-30.

Second, the Walckers argue that RCW 61.24.020 abrogates the common law rule as it applies to deeds of trust. The statute provides in pertinent part:

> **Deeds subject to all mortgage laws . . . .** Except as provided in this chapter, a deed of trust is subject to all laws relating to mortgages on real property. A deed conveying real property to a trustee in trust to secure the performance of an obligation of the grantor or another to the beneficiary may be foreclosed as in this chapter provided. The county auditor shall record such deed as a mortgage and shall index the name of the grantor as mortgagor and the names of the trustee and beneficiary as mortgagee.

Washington's deed of trust statute, RCW 61.24, does not refer to any limitation period for nonjudicial foreclosures. Thus, under the plain language of RCW 61.24.020, the limitation period for foreclosure of mortgages should apply. *See Department of Licensing v. Lax*, 125 Wn.2d 818,

822, 888 P.2d 1190 (1995) (court must give effect to plain meaning of statutory language). RCW 7.28.300, which makes the statute of limitations a defense in mortgage foreclosure proceedings, therefore should apply to deeds of trust as well. As Division One of this court noted in dictum, "As a policy matter there appears to be no compelling reason to distinguish deeds of trust from mortgages insofar as the right to quiet title when the underlying obligation is barred by the statute of limitations." *Jordan*, 63 Wn. App. at 831.

The Supreme Court has agreed that, for most purposes, mortgages and deeds of trust should be treated similarly:

> [O]ur first inquiry is whether the deed of trust act creates a species of mortgage. The authorities are in strong agreement that it does. 1 *Glenn on Mortgages* § 20, at 123 (1943) states: "The trust deed was well known at the beginning of the nineteenth century, and the courts had little difficulty in treating the device as a mortgage in effect." Glenn characterizes the trust deed as in effect a power of sale mortgage with the power of sale resting in a third person, the trustee, rather than in the mortgagee. G. Osborne, *Mortgages* § 17, at 26-27 (2d ed. 1970), while noting the obvious differences in the operation of straight mortgages and trust deed mortgages, primarily in the manner of foreclosure, often refers to a deed of trust as a "trust deed mortgage." State courts have concurred.

*Rustad Heating & Plumbing Co. v. Waldt*, 91 Wn.2d 372, 375, 588 P.2d 1153 (1979).

However, Benson and McLaughlin argues that because the deed of trust act specifically created a separate, nonjudicial remedy procedure, the limitation period for foreclosure of mortgages should not apply. It relies on the following language from *Rustad Heating & Plumbing*:

> It should be clear we are not holding that in all circumstances the word "mortgage" as used in every statute is to include deeds of trust as well. Where a statute using the term "mortgage" relates to remedies specifically covered by the deed of trust act of 1965, the act would govern and the term

"mortgage" would refer to instruments other than deeds of trust.

*Rustad Heating & Plumbing*, 91 Wn.2d at 376.[3] Benson and McLaughlin's argument that no mortgage rules will apply to nonjudicial foreclosure of trust deeds is not supported by other authorities. *See Glidden v. Municipal Auth.*, 111 Wn.2d 341, 347 n.3, 758 P.2d 487, 764 P.2d 647 (1988) ("[O]mitted junior lienor" rule of mortgage law may apply to nonjudicial foreclosure of trust deed); *Wyatt Stapper Architects, P.S. v. 1501 Pac. Assocs.*, 60 Wn. App. 842, 845, 809 P.2d 206 (1991) (Priority questions under nonjudicial foreclosure of trust deed to be decided by general mortgage law).

Benson and McLaughlin also argues public policy supports an unlimited right to foreclose deeds of trust. It points out that statutes of limitations are narrowly construed, and that application of RCW 4.16.040 would discharge a valid obligation, not just a right to sue. It also argues that a primary reason for statutes of limitations is preservation of judicial resources, and that nonjudicial foreclosure has no effect on court time or resources; an unrestricted right of foreclosure would encourage lenders and creditors to use deeds of trust instead of mortgages, further conserving judicial resources. Finally, it argues, there would be greater certainty in the status of titles.

We are unpersuaded by Benson and McLaughlin's policy argument. It is unclear how an unlimited right to foreclose on a deed of trust would provide greater certainty of titles rather than the converse. Furthermore, the goal of statutes of limitations is to

force claims to be litigated while pertinent evidence is still available and while witnesses retain clear impressions of the occurrence. *Summerrise v. Stephens*, 75 Wn.2d 808, 811, 454

---

[3]In *Rustad Heating & Plumbing*, the Supreme Court inexplicably was not directly interpreting RCW 6.24.020, but was determining whether a right of redemption applied to deeds of trust under former RCW 6.24.130(2). *See* RCW 6.23.010.

P.2d 224 (1969). Our policy is one of repose; the goals are to eliminate the fears and burdens of threatened litigation and to protect a defendant against stale claims. *Ruth v. Dight*, 75 Wn.2d 660, 664, 453 P.2d 631 (1969).

*Stenberg*, 104 Wn.2d at 714.

These goals are generally applicable in foreclosure proceedings, whether based on mortgages or deeds of trust. Nor is it clear that an unlimited foreclosure period would conserve judicial resources. Indeed, the owner of record facing nonjudicial foreclosure of a deed of trust may ask a court to restrain the sale by "contest[ing] the alleged default on any proper ground." RCW 61.24.030(6)(j); *see* RCW 61.24.130. Any such action certainly would expend judicial resources, as this case has demonstrated.

The plain language of RCW 61.24.020 states that, "[e]xcept as provided" in the deed of trust act, mortgage law applies to foreclosure of deeds of trust. The act does not address the applicability of statutes of limitations. Therefore, RCW 7.28.300, which expressly makes the statute of limitations a defense in mortgage foreclosure proceedings, applies to foreclosure of trust deeds as well. Because Benson and McLaughlin failed to initiate its foreclosure within the applicable six-year limitation period, the foreclosure should be barred.

We reverse the superior court's order and remand for entry of summary judgment in favor of the Walckers.

MUNSON and SCHULTHEIS, JJ., concur.

Reconsideration denied December 6, 1995.

Review denied at 129 Wn.2d 1008 (1996).