# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| KEVIN E. EDMUNDSON and MECHE D. EDMUNDSON, husband and wife,<br><br>Respondents,<br><br>v.<br><br>BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP; CARRINGTON MORTGAGE SERVICES, LLC, as servicer and attorney in fact for Bank of America, N.A.; and MTC FINANCIAL, INC., a Washington corporation, dba TRUSTEE CORPS, as trustee,<br><br>Appellants. | No. 74016-4-I<br><br>DIVISION ONE<br><br>PUBLISHED<br><br>FILED: July 11, 2016 |

COX, J. — The primary issue before us is whether the lien of a deed of trust on property that secures payment of a promissory note is discharged when the personal obligation of the note is discharged in bankruptcy. Settled law holds that such a lien is not discharged and remains enforceable after such a discharge.

The other question that we decide in this case is whether the enforcement of the deed of trust was timely commenced. We hold that it was.

The trial court erred as a matter of law in granting summary judgment to Kevin Edmundson and Meche Edmundson, the borrowers who signed the

promissory note and the deed of trust that secures the note in this case. Accordingly, we reverse and remand with directions.

The material facts are undisputed. The Edmundsons obtained a loan in July 2007 to purchase real property. The loan was documented by a promissory note dated July 12, 2007 in the amount of $313,381.00. The note is payable in monthly installments of $1,980.78, the first of which was due on September 1, 2007. The remaining installments were due on the first of each month thereafter. The last payment was to become due on a maturity date of August 1, 2037.

A deed of trust, also dated July 12, 2007, secured the promissory note. The deed of trust is a lien on the real property that the Edmundsons purchased with the loan. The deed of trust was duly recorded in the auditor's records of King County, Washington.

The Edmundsons made the monthly payments on the promissory note through October 2008. They failed to make the November 1, 2008 payment or any of the monthly payments due since then.

In June 2009, the Edmundsons filed a petition for relief under the United States Bankruptcy Code. On October 22, 2009, the bankruptcy court confirmed their Amended Chapter 13 Plan. On December 31, 2013, the bankruptcy court discharged their debts, noting certain exceptions to the discharge.

Based on the failure to pay the monthly payments due under the note and deed of trust, a notice of default dated October 23, 2014 was transmitted by first class and certified mail to the Edmundsons. Thereafter, the successor trustee under the deed of trust scheduled a trustee's sale. The purpose of the sale was

to satisfy the unpaid monthly obligations and other delinquencies under the note and deed of trust. The Notice of Trustee's Sale dated January 16, 2015 was recorded on January 21, 2015. The trustee's sale was originally scheduled for May 22, 2015, but later postponed to August 28, 2015.

In March 2015, the Edmundsons commenced this action. They sought to restrain the then scheduled trustee's sale and to quiet title to the property. They claimed the lien of the deed of trust to the property was no longer enforceable.

On cross-motions for summary judgment by the Edmundsons and Carrington Mortgage, the trial court granted summary judgment to the Edmundsons. As part of that relief, the court permanently enjoined the trustee's sale. The court also ruled that the Edmundsons were entitled to an award of reasonable attorney fees under the terms of the deed of trust. The court denied Carrington's motion for reconsideration.

Carrington appeals.

## DEED OF TRUST LIEN

The trial court granted summary judgment to the Edmundsons based on the conclusion that the deed of trust that secured their promissory note was unenforceable. This was based on the initial conclusion that the discharge of their personal liability on the note in bankruptcy also discharged the deed of trust lien. As a matter of law, this was error.

Courts may grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[1] When ruling on summary judgment, the trial court considers the evidence in the light most favorable to the nonmoving party.[2] We review de novo the grant of summary judgment.[3]

The United States Supreme Court has made clear the relationship between a deed of trust[4] or mortgage and a discharge of debt in bankruptcy. In Johnson v. Home State Bank, the Supreme Court stated:

> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. *A defaulting debtor can protect himself from personal liability by obtaining a discharge [through bankruptcy]. However, such a discharge extinguishes only "the personal liability of the debtor." Codifying the rule of* Long v. Bullard, *the [Bankruptcy] Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.*[5]

---

[1] Wash. Fed. v. Harvey, 182 Wn.2d 335, 340, 340 P.3d 846 (2015) (quoting Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000)).

[2] Young v. Key Pharm., Inc., 112 Wn.2d 216, 226, 770 P.2d 182 (1989).

[3] Wash. Fed., 182 Wn.2d at 339.

[4] A deed of trust "is a species of mortgage." Rustad Heating & Plumbing Co. v. Waldt, 91 Wn.2d 372, 376, 588 P.2d 1153 (1979).

[5] 501 U.S. 78, 82-83, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991) (emphasis added) (citations omitted); accord Dewsnup v. Timm, 502 U.S. 410, 418-20, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992).

Here, the Edmundsons petitioned for relief under the Bankruptcy Code. They obtained a discharge of their debts after the completion of their amended plan under Chapter 13 of the Bankruptcy Code. Consistent with Johnson and other cases, the Discharge of Debtor dated December 31, 2013 was limited to their personal liability for their debts. As that document states, the Edmundsons are discharged from their liability for these debts. But it also expressly states:

"[A] creditor may have the right to enforce a valid lien, such as a mortgage or security interest against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case."[6]

Accordingly, the Edmundsons' bankruptcy court discharge was limited to the discharge of their personal liability on the promissory note. The lien of the deed of trust securing the promissory note in this case was neither avoided nor eliminated in the bankruptcy proceeding. As the discharge plainly states, the right to foreclose the lien of the deed of trust on the Edmundsons' property was not affected by the bankruptcy discharge.

Based on this settled law, the trial court erred in granting summary judgment to the Edmundsons.

The trial court also concluded, on state law grounds, that the deed of trust became unenforceable once the underlying note that it secured became unenforceable due to the bankruptcy discharge.[7] There simply is no authority for that legal conclusion.

---

[6] Clerk's Papers at 77.

[7] Id. at 355.

The plain terms of the deed of trust require the borrowers to "pay when due the principal of, and interest on" the note.[8] Both this deed of trust and case law provide for the remedy of foreclosure in the event of the borrowers' failure to comply with this covenant of the deed of trust.

Nothing in the Deeds of Trust Act supports the conclusion that the lien of a deed of trust on real property is discharged under state law when the note or other secured obligation is no longer enforceable. Moreover, we have found no case under the law of mortgages, to which deeds of trust are generally subject, to support this result under the circumstances of this case.[9] Similarly, respected commentators' discussions about the discharge of deeds of trust and mortgages do not support this result.[10]

Rather, the trial court's ruling fails to recognize that enforcement of a promissory note and foreclosure of a deed of trust securing that note are separate remedies of a creditor in the event of a borrower's default.[11] The inability to pursue one remedy does not bar the other.

The trial court's ruling in this case has a practical effect. That effect is that the Edmundsons retain ownership of property without repaying the loan used to

---

[8] Id. at 10.

[9] RCW 61.24.020 ("Except as provided in this chapter, a deed of trust is subject to all laws relating to mortgages on real property.").

[10] 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE TRANSACTIONS § 18.1-18.35 (2nd ed. 2004); 1 GRANT S. NELSON & DALE A. WHITMAN, REAL ESTATE FINANCE LAW § 6.16-6.19 (4th ed. 2001).

[11] Am. Fed. Sav. & Loan Ass'n of Tacoma v. McCaffrey, 107 Wn.2d 181, 189, 728 P.2d 155 (1986).

purchase it. The loss shifts to the lender because the Edmundsons no longer have any personal obligation on the promissory note due to the discharge in bankruptcy. Under the trial court's ruling, the lender also has no right to realize on the collateral for the loan. Neither the equity nor logic of this result is apparent to this court.

In sum, nothing in this record and nothing under either federal or state law supports the conclusion that the discharge of personal liability on the note also discharges the lien of the deed of trust securing the note. The deed of trust is enforceable.

## STATUTE OF LIMITATIONS

Carrington next argues that the statute of limitations does not bar foreclosure of the deed of trust in this case. We agree.

As an agreement in writing, the deed of trust foreclosure remedy is subject to a six-year statute of limitations.[12] When the underlying facts are undisputed, we review de novo whether a statute of limitations bars an action.[13]

Here, the trial court relied on Walcker v. Benson & McLaughlin, P.S.,[14] for its ruling. That reliance is misplaced.

---

[12] RCW 4.16.040; 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE TRANSACTIONS § 18.34, at 369 (2nd ed. 2004).

[13] Bennett v. Computer Task Grp., Inc., 112 Wn. App. 102, 106, 47 P.3d 594 (2002).

[14] 79 Wn. App. 739, 904 P.2d 1176 (1995).

In that case, the borrowers executed a demand promissory note dated September 4, 1986 in favor of the lender.[15] The borrowers also executed a deed of trust on their property to secure payment of the note.[16] The borrowers never made any payments on the note. The lender never took legal action to obtain a judgment on the note.

On December 23, 1993, the lender commenced a nonjudicial foreclosure proceeding. This was more than six years after the *execution* of the *demand* promissory note.[17] The borrowers responded by commencing an action to restrain the trustee's sale and to quiet title to their property.[18] The trial court denied the borrowers' motion for summary judgment and dismissed their action.[19]

On appeal, Division Three of this court reversed. The court held that a six-year statute of limitations applied to written agreements, including demand notes.[20] The statute of limitations began to run on the demand note when it was executed.[21] Because the lender commenced the nonjudicial foreclosure

---

[15] Id. at 741.

[16] Id.

[17] Id.

[18] Id.

[19] Id.

[20] Id.

[21] Id. at 742.

proceeding more than six years after the borrowers executed the note, the statute of limitations barred the action.[22]

That case does not control here. That is because the promissory note that the Edmundsons signed is not a demand note. Rather, it is an installment note payable in monthly installments over a period of 30 years.

As a line of cases makes clear, "A demand note is payable immediately on the date of its execution."[23] As this court explained in GMAC v. Everett Chevrolet, Inc., the general rule is that:

> "An instrument is payable immediately if no time is fixed and no contingency specified upon which payment is to be made. A demand note is payable immediately on the date of its execution— that is, it is due upon delivery thereof; and, unless a statute declares otherwise, or a contrary intention appears expressly or impliedly upon the face of the instrument, a right of action against the maker of a demand note arises immediately upon delivery and no express demand is required to mature the note or as a prerequisite to such right to action, commencement of a suit being sufficient demand for enforcement purposes."[24]

The promissory note in this case expressly states that it is payable in monthly installments. Moreover, it has a maturity date of August 1, 2037. In sum, it is not a demand note as in Walcker. Rather, it is an installment note.

Although their note is an installment note, not a demand note, the Edmundsons argue that the statute of limitations for their failure to pay the

---

[22] Id. at 746.

[23] GMAC v. Everett Chevrolet, Inc., 179 Wn. App. 126, 135, 317 P.3d 1074, review denied, 181 Wn.2d 1008 (2014).

[24] Id. at 135-36 (quoting Allied Sheet Metal Fabricators, Inc. v. Peoples Nat'l Bank of Wash., 10 Wn. App. 530, 536, 518 P.2d 734 (1974)).

November 1, 2008 installment accrued on that date and ran on November 1, 2014, six years later. We disagree.

First, this argument is based on the incorrect premise that there was no resort to the remedies under the Deeds of Trust Act before November 1, 2014. The record plainly shows otherwise. Specifically, a written notice of default dated October 23, 2014 was transmitted by first class and certified mail to the Edmundsons.[25] Pursuant to RCW 61.24.030(8), this notice is evidence of resort to the remedies of the Deeds of Trust Act for the defaults of the Edmundsons under this deed of trust. This preceded the running of the six-year period of the statute of limitations. That is all that is required under the circumstances of this case.

Second, even if we were to accept this incorrect premise, that would not end the inquiry. Settled law from the supreme court explains why.

In Herzog v. Herzog, the supreme court addressed when the six-year statute of limitations on a written agreement accrues.[26] The court first distinguished a demand note from an installment note. The court stated that the statute of limitation accrues on a demand note when it is executed.

But the obligation before the supreme court in that case was not a demand note. The note before the court provided for installment payments. Accordingly, the court held that "when recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment

---

[25] Clerk's Papers at 83-84.

[26] 23 Wn.2d 382, 161 P.2d 142 (1945).

from the time it becomes due; that is, from the time when an action might be brought to recover it."[27]

Here, the statute of limitations accrued for each installment from the time it became due. Thus, the statute accrued on November 1, 2008 for that missed payment only. November 1, 2014 was six years later.

Correspondingly, the statute of limitations for each subsequent monthly payment accrued on the first day of each month after November 1, 2008 until the Edmundsons no longer had personal liability under the note. They no longer had such liability as of the date of their bankruptcy discharge, December 31, 2013. Thus, from December 1, 2008 through December 1, 2013, the statute of limitations accrued for each monthly payment under the terms of the note as each payment became due.

Accordingly, each of these missed payments accrued within six years of the resort to the remedies under the Deeds of Trust Act.[28] The statute of limitations did not bar enforcement of the deed of trust for these missed payments.

---

[27] Id. at 388; accord 25 DAVID K. DEWOLF, KELLER W. ALLEN & DARLENE BARRIER CARUSO, WASHINGTON PRACTICE: CONTRACT LAW AND PRACTICE § 16:21, at 511 (3rd ed. 2014) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due.").

[28] RCW 61.24.030 ("It shall be requisite to a trustee's sale: . . . (8) That at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be transmitted by the beneficiary or trustee to the borrower and grantor . . . .").

The trial court also appears to have ruled that the statute barred enforcement of the deed of trust partially on the basis that the lender declared the entire unpaid balance of the note due. Because there is no evidence that the lender accelerated the maturity date of the note, this was error.

The trial court misapplied the provisions of the deed of trust titled "Grounds for Acceleration of Debt," paragraph 9 of that instrument.[29] By its plain terms, these provisions allow the lender to declare immediate payment in full of all unpaid sums secured by the deed of trust. This option of the lender is limited to certain circumstances. Among them is the failure of the borrower to pay any monthly installment under the note and deed of trust. The lender may also do so if the borrower fails to perform any other obligation under the deed of trust for a period of 30 days. "Default in payment alone does not work an acceleration."[30]

The trial court misapplied this option of the lender to this case. First, this record lacks any evidence that the lender exercised this option to accelerate the maturity date of the note. As the note plainly states, that maturity date was August 1, 2037. Second, to the extent the trial court ruled that some event during the bankruptcy proceeding triggered this provision, the court is wrong. Under the plain terms of the deed of trust, this is an option to be exercised by the lender, not something triggered by events in bankruptcy proceedings.

---

[29] Clerk's Papers at 12.

[30] A.A.C. Corp. v. Reed, 73 Wn.2d 612, 616, 440 P.2d 465 (1968).

12

Accordingly, as we previously discussed, the statute of limitations for each monthly payment accrued as the payment became due. There was no acceleration of the maturity date of the note.

On remand, we direct the trial court to dissolve the permanent injunction against the trustee's sale and enter judgment in Carrington's favor.

Because we have resolved the case on these grounds, we decline to address the parties' remaining arguments.

## ATTORNEY FEES

Carrington argues that it is entitled to the award of attorney fees on appeal under the terms of the deed of trust. For the same reason, it argues that it was also entitled to an award of attorney fees below and that the trial court ruling to the contrary was erroneous. We agree.

Parties in Washington may recover attorney fees if a statute, contract, or recognized ground of equity authorizes the award.[31] "'A contractual provision for an award of attorney's fees at trial supports an award of attorney's fees on appeal under RAP 18.1.'"[32]

Here, paragraph 18 of the deed of trust provides, in relevant part:

Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.[33]

---

[31] LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 117, 123, 330 P.3d 190 (2014).

[32] Thompson v. Lennox, 151 Wn. App. 479, 491, 212 P.3d 597 (2009) (quoting W. Coast Stationary Eng'rs Welfare Fund v. City of Kennewick, 39 Wn. App. 466, 477, 694 P.2d 1101 (1985)).

[33] Clerk's Papers at 13.

This provision applies because this action arises out of Carrington's pursuit of the foreclosure remedies permitted by the deed of trust. Accordingly, it is entitled to an award of reasonable attorney fees at trial and on appeal. The award to the Edmundsons of their reasonable attorney fees below was incorrect and must be set aside on remand.

Pursuant to RAP 18.1(i), we direct the trial court on remand to determine the amount of reasonable attorney fees, both at the trial court and on appeal, together with expenses on appeal to award to Carrington.

We reverse the grant of summary judgment to the Edmundsons and direct entry of summary judgment in favor of Carrington on remand. We also direct the trial court on remand to dissolve the permanent injunction against the trustee's sale. The court is also directed to award reasonable attorney fees, for trial and appeal, and expenses on appeal to Carrington, pursuant to RAP 18.1(i).

_Cox, J._

WE CONCUR:

_Trickey, ACJ_               _Leach, J._

14