IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WILMINGTON TRUST NATIONAL ASSOCIATION, AS SUCESSOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR THE MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-HE2, | ) ) ) ) ) ) ) ) | No. 73951-4-I <br><br> DIVISION ONE |
| Respondent, | ) ) | |
| v. | ) ) ) | UNPUBLISHED OPINION |
| CAROL A. WERELIUS AND JAY L. WERELIUS, | ) ) ) | FILED: January 17, 2017 |
| Appellants, | ) ) ) | |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; ALSO ALL PERSONS OF PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

BECKER, J. — Appellants argue that the trial court erred in considering the original promissory note presented at a summary judgment hearing because it was new evidence. It was not new evidence. The note beneficiary had

previously produced a copy of the note in support of its motion for summary judgment. We affirm.

In 2006, appellants Carol and Jay Werelius obtained a mortgage loan, evidenced by a promissory note. The note was secured by a deed of trust on their property. Respondent Wilmington Trust National Association eventually became the beneficiary of the promissory note and deed of trust.

In 2011, the Wereliuses defaulted on their loan. In July 2014, Wilmington Trust sued to foreclose on the Wereliuses' property.

On June 18, 2015, Wilmington Trust moved for summary judgment. On August 13, the trial court held a hearing on the motion and entered an order granting summary judgment in favor of Wilmington Trust. The Wereliuses moved to set this order aside 12 days later. Nothing came of this motion, and no error has been assigned concerning it.

In October 2015, the trial court entered a judgment and decree of foreclosure in favor of Wilmington Trust. The Wereliuses appeal.

We review an order granting summary judgment de novo, engaging in the same inquiry as the superior court. Deutsche Bank Nat'l Trust Co. v. Slotke, 192 Wn. App. 166, 170, 367 P.3d 600, review denied, 185 Wn.2d 1037 (2016).

At the summary judgment hearing, Wilmington Trust presented the original promissory note.[1] The Wereliuses argue that the court erred in considering the

---

[1] The Wereliuses allege that the verbatim report of proceedings was altered and that the original note was not presented at the hearing. They have not submitted sufficient evidence to support this allegation, and we do not consider it.

original promissory note because an attorney cannot present new evidence at a summary judgment hearing. But Wilmington Trust had previously filed an affidavit from their loan servicer in support of its motion for summary judgment. Attached to this affidavit was a copy of the promissory note. The Wereliuses do not allege that the affidavit was wrongfully considered. We conclude the original promissory note presented at the hearing was not new evidence.

The Wereliuses claim that their motion to dismiss "is still pending and the appellee has failed to respond in any way." In August 2014, the Wereliuses moved to dismiss Wilmington Trust's complaint, but they failed to note the motion for a hearing. A year later, in August 2015, the Wereliuses finally noted their motion to dismiss for a hearing, scheduled for the same day as the summary judgment hearing. At the hearing, the trial court considered the Wereliuses' motion to dismiss as an opposition to Wilmington Trust's motion for summary judgment. The trial court's grant of summary judgment to Wilmington Trust served as a denial of the Wereliuses' motion to dismiss.

The Wereliuses claim that Wilmington Trust's notice of hearing on its motion for summary judgment failed to comply with the notice requirements set forth in CR 56 and unfairly denied them an opportunity to respond timely as set forth in the rules. CR 56(c) requires a party to file and serve a motion for summary judgment "and any supporting affidavits, memoranda of law, or other documentation" no later than 28 calendar days before the hearing. Wilmington Trust filed and served its motion for summary judgment and supporting affidavit, memorandum of law, and other documentation on June 18. This was 56

calendar days before the August 13 hearing. We conclude Wilmington Trust complied with the notice requirements of CR 56.

Wilmington Trust requests an award of attorney fees and costs as the prevailing party. Attorney fees may be awarded according to a contract, statute, or a recognized ground of equity. Edmundson v. Bank of America, 194 Wn. App. 920, 932, 378 P.3d 272 (2016).

Paragraph 21 of the deed of trust provides as follows:

> 21. Acceleration; Remedies. If any installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other deed of trust or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law. Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of this evidence.

The quoted language is similar to the language in the deed of trust that was found to authorize an award of attorney fees on appeal in Edmondson. "This provision applies because this action arises out of Carrington's pursuit of the foreclosure remedies permitted by the deed of trust." Edmondson, 194 Wn. App. at 933. The same is true here. Wilmington Trust's request for attorney fees and costs is granted.

4

Affirmed.

_____ Becker, J.

WE CONCUR:

_____ Mann, J

_____ Appelwick, J