THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| GARY L. MERRITT and JEANETTE A. MERRITT, | ) ) | No. 82162-8-I (Consolidated with 82163-6-I, |
| | ) ) | 82164-4-I, 82165-2-I) |
| Appellants, | ) | |
| | ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| USAA FEDERAL SAVINGS BANK, | ) | |
| | ) | |
| Respondent. | ) ) | |

ANDRUS, A.C.J. — Gary and Jeanette Merritt appeal the dismissal of four quiet title actions they brought against their lender, USAA Federal Savings Bank. The Merritts obtained home equity lines of credit from USAA on four residential properties and executed deeds of trust to secure their loans. The Merritts stopped paying these installment debts when they filed for bankruptcy in 2012. Six years after their 2013 bankruptcy discharge, they sought to quiet title against USAA, arguing that the six-year statute of limitations barred it from enforcing any of the deeds of trust.

We affirm the trial court's summary judgment rulings in favor of USAA. The bankruptcy discharge did not start the running of the six year statute of limitations on any installment payments the Merritts owed pre- or post-discharge; USAA has

Citations and pin cites are based on the Westlaw online version of the cited material.

six years from the date of any unpaid installment payments to foreclose to collect these debts.

## FACTS

Gary and Jeanette Merritt executed five separate "Home Equity Line of Credit Agreements" (HELOC Agreements) with USAA between 2005 and 2007. Loan no. 347097, dated May 19, 2005, set a credit limit of $74,000, to be repaid in monthly installments over a period of 240 months, with a maturity date in 2025. Loan no. 82961418, dated January 18, 2007, set a credit limit of $51,000, to be repaid in monthly installments over a period of 220 months, with a maturity date also in 2025. The Merritts secured both loans by executing deeds of trust on a residence located at 7601 69th Street NE., in Marysville.

Loan no. 584967, dated January 29, 2007, set a credit limit of $79,000, to be repaid in monthly installments over a period of 240 months, with a maturity date in 2027. To secure this loan, the Merritts executed a deed of trust on a residence located at 9926 53rd Drive NE, Marysville.

Loan No. 584885, dated February 2, 2007, set a credit limit of $98,000 to be repaid in monthly installments over a period of 240 months, with a maturity date in 2027. The Merritts granted USAA a deed of trust on a residence located at 5217 63rd Drive NE, in Marysville, as collateral for this loan.

Loan no. 622723, dated May 3, 2007, set a credit limit of $64,500, to be repaid in monthly installments over a period of 240 months, with a maturity date in

2027. The Merritts also executed a deed of trust to secure this line of credit, encumbering residential property located at 1083 Alder Street.[1]

The five deeds of trust contain similar commitments from the Merritts: they agreed "that all payments under the [HELOC Agreement] will be paid when due and in accordance with the terms of the [HELOC Agreement] and this Security Instrument." If the Merritts failed to make any payment when due, USAA had the option to accelerate the secured debt and foreclose the deed of trust. The deeds of trust granted to USAA the power to sell the real estate to pay off the loan.

On November 13, 2012, the Merritts filed for Chapter 7 bankruptcy. In their schedules of creditors, they identified Wells Fargo as holding a secured first mortgage of $184,032 and USAA as holding a partially secured second mortgage of $125,016 on the house located at 7601 69th Street NE. They identified USAA as a creditor holding "unsecured nonpriority claims" of an additional $241,955, and Gary Merritt testified that the debt listed in this schedule is the debt owing to USAA under the HELOC Agreements.[2] The bankruptcy court issued an order of discharge under 11 U.S.C. § 727 on February 13, 2013.

The Merritts made no payments to USAA on the debts secured by the deeds of trust after their November 13, 2012 bankruptcy filing. And it is undisputed that USAA did not accelerate the debts or initiate any foreclosures to collect the debts.

---

[1] The deed of trust that Gary Merritt identified as the one encumbering the Alder Street residence appears to relate to a different residential property. The parties, however, do not dispute that a deed of trust naming USAA as the lender secured this HELOC Agreement.

[2] It is unclear why the Merritts identified USAA as an unsecured creditor given that they executed deeds of trust to secure the USAA lines of credit. But the Merritts do not appear to dispute that USAA had security interests in the four residential properties at issue here.

On July 8, 2020, the Merritts filed four separate quiet title actions against USAA. Relying on Edmundson v. Bank of Am., 194 Wn. App. 920, 378 P.3d 272 (2016), the Merritts argued that the statute of limitations on enforcement of the deeds of trust ran six years after February 12, 2013, the day before their bankruptcy discharge. They asked the court to declare the USAA deeds of trust and any resultant lien on their property to be extinguished.

The trial court rejected the Merritts' reading of Edmundson, and concluded that because the HELOC Agreements are installment contracts, the last payments of which are not due until 2025 at the earliest, the statute of limitations had not begun to run on payments the Merritts failed to make after the bankruptcy discharge. The trial court granted summary judgment in favor of USAA. The Merritts appeal.

ANALYSIS

Appellate courts review a summary judgment order de novo and perform the same inquiry as the trial court. Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 205, 471 P.3d 871 (2020). A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." CR 56(c). When the underlying facts are undisputed, we review de novo whether the statute of limitations bars an action. Edmundson, 194 Wn. App. at 927-28.

The Merritts contend the February 2013 bankruptcy discharge triggered the six-year statute of limitations for enforcing the deeds of trust, and because USAA

did not initiate a foreclosure before February 2019, they are entitled to quiet title on the properties as a matter of law. This argument, however, is based on an erroneous reading of Edmundson, as this court recently explained in Copper Creek Homeowners' Association v. Wilmington, No. 82083-4-I, slip op. (January 18, 2022).

In Copper Creek, a homeowners association obtained a deed in lieu of foreclosure from homeowners who defaulted on their homeowner assessments. Id. at 5. The association sought to extinguish a senior security interest held by the homeowners' lender, arguing that the statute of limitations barred enforcement of the lender's deed of trust. Id. at 2-5. The trial court concluded that under Edmundson, the six-year statute of limitations accrued on the entire note on the date of the homeowners' bankruptcy discharge, even though a significant amount of the debt was not due on the date of discharge. Id. at 12. On appeal, this court reversed, clarifying that Edmundson did not establish a new rule that a bankruptcy discharge triggers the running of the statute of limitations on the entire debt. Id. at 17. This court stated:

> In Edmundson, this court did not [establish] that bankruptcy discharge of liability on an installment note accelerates the maturity of the note. [It] did not [establish] that the discharge kickstarts the running of the deed of trust's final statute of limitations period. [It] did not [establish] that discharge is an analog to acceleration and triggers the statute of limitations on the entire obligation.

Id. at 20.

We adhere to our analysis in Copper Creek. The trial court correctly concluded that the Merritts' bankruptcy discharge did not cause the statute of limitations on the enforcement of the deed of trust to run on payments that became

due after discharge. A bankruptcy discharge eliminates a debtor's personal liability on a promissory note, but it does not terminate a lender's claim against the debtor. Johnson v. Home State Bank, 501 U.S. 78, 84, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991). "Rather, a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem." Id. The creditor's lien survives bankruptcy and remains with the real property until foreclosure. Dewsnup v. Timm, 502 U.S. 410, 417, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992). Bankruptcy does not accelerate an installment note or trigger the statute of limitations on enforcement of a deed of trust, it only eliminates the debtor's personal liability. Copper Creek at 21. The debtor's in rem liability remains intact: "The debt, the note, and the payment schedule remain unchanged." Id.

In this case, the HELOC Agreements and the payment schedule set out in those agreements, as well as USAA's ability to foreclose the deeds of trust in an in rem proceeding, all remained intact after the Merritts' bankruptcy discharge. As the trial court indicated, there may be installment payments that USAA cannot now collect because they are time-barred by the statute of limitations, but the Merritts did not ask the trial court to decide that issue. They sought only a determination that USAA's lien, in its entirety, is no longer valid. Under Cooper Creek, USAA's lien remains valid and enforceable because the HELOC Agreements, and the obligations to make monthly installments under them, do not expire until 2025 at the earliest. The bankruptcy discharge did not start the running of the six-year statute of limitations on installment payments the Merritts owed after the

bankruptcy discharge; if USAA does not accelerate the installment debt, it has six years from the date of any missed installment payment to foreclose to collect those payments. The Merritts are thus not entitled to the relief they seek. We therefore affirm the dismissal of their quiet title action.

Both parties requested an award of attorney fees on appeal. Attorney fees and costs are awarded to the prevailing party if "applicable law grants to a party the right to recover reasonable attorney fees." RAP 18.1(a). As the prevailing party, USAA is entitled to an award of attorney fees under the terms of the parties' loan agreements, which provide for the recovery of "all expenses of collection, enforcement or protection of [USAA's] rights and remedies under" the agreements. We therefore award attorney fees to USAA conditioned on its compliance with RAP 18.1(d).

Affirmed.

_Andrus, A.C.J._

WE CONCUR: